IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEITH KENNETH KRIEG,<br><br>    Defendant. | No. C14-01265 CRB<br><br>**ORDER VACATING HEARING AND GRANTING SUMMARY JUDGMENT** |

The government filed a Motion for Summary Judgment in this tax case. See Mot. (dkt. 17). When Defendants Keith and Linda Krieg failed to timely oppose the government's Motion, the Court ordered Defendants to show cause why the government's Motion should not be granted. See OSC (dkt. 20). The Court advised Defendants that "[f]ailure to timely respond to this Order could result in summary judgment being entered for the government." Id. Defendants have failed to timely respond to the Court's Order. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for August 8, 2014, and GRANTS the Motion.

The Court notes that a "motion for summary judgment cannot be granted simply because there is no opposition." See Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993) (quoting Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). The Court's Order does not grant the government's

1 Motion because of Defendants' failure to oppose it, but because (1) Defendants failed to
2 respond to the Court's show cause order, <u>and</u> (2) the Court has not identified either a genuine
3 issue of material fact or any other reason the government is not entitled to judgment as a
4 matter of law.  <u>See</u> Fed. R. Civ. P. 56(a); <u>see also</u> <u>Carmen v. San Francisco Sch. Dist.</u>, 237
5 F.3d 1026, 1031 (9th Cir. 2001) ("[t]he district court need not examine the entire file for
6 evidence establishing a genuine issue of fact, where the evidence is not set forth in the
7 opposing papers with adequate references so that it could conveniently be found.").

8      The government's Motion raises two questions.

9      The first question is whether the government has taxing jurisdiction over citizens and
10 residents of the United States.  <u>See</u> Mot. at 2.  The answer to that question, despite
11 Defendants' protestations that the IRS has no jurisdiction over them because they are only
12 residents of the "California Republic," <u>see</u> Answer (dkt. 9) at 2; Conditional Acceptance to
13 Complaint (dkt. 16) at 2; is clearly yes, <u>see</u> U.S. Const. amend. XVI; IRC § 6012; <u>Lovell v.</u>
14 <u>United States</u>, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals, natural or unnatural, must
15 pay federal income tax on gross income.").

16      The second question is whether the government is entitled to reduce Defendants'
17 assessments to judgment for tax years 1998 and 2001 (for Mr. Krieg) and 1997 and 1998 (for
18 Ms. Krieg).  "The government can usually carry its initial burden . . . merely by introducing
19 its assessment of tax due.  Normally, a presumption of correctness attaches to the assessment,
20 and its introduction establishes a <u>prima facie</u> case.  The presumption does not arise unless it
21 is supported by a minimal evidentiary foundation." <u>United States v. Stonehill</u>, 702 F.2d
22 1288, 1293 (9th Cir. 1983) (internal citations omitted).  In this case, the government has
23 submitted Certificates of Assessments and Payments (Form 4340s) for Mr. Krieg for 1998
24 and 2001, and for Ms. Krieg for 1997 and 1998.  <u>See</u> Moore Decl. (dkt. 18) Exs. 1-4.  These
25 Form 4340s "are admissible evidence that valid assessments have been made." <u>See</u> <u>Hughes</u>
26 <u>v. United States</u>, 953 F.2d 531, 540 (9th Cir. 1992).  The government has made a <u>prima facie</u>
27 case.  <u>See</u> <u>Oliver v. United States</u>, 921 F.2d 916, 919 (9th Cir. 1990).  Defendants have failed
28 to show by a preponderance of the evidence that judgment should not be entered against

them. See Hardy v. Comm'r, 181 F.3d 1002, 1004-05 (9th Cir. 1999) (explaining burden shift); United States v. Molitor, 337 F.2d 917, 922 (9th Cir. 1964) ("if [taxpayer] had adduced no evidence contesting the prima facie proof . . . the United States would have been entitled to judgment"). Accordingly, the government is entitled to reduce Defendants' assessments to judgment of $12,513.75 for Mr. Krieg, and $141,652.65 for Ms. Krieg.[1]

For the foregoing reasons, the government's Motion is GRANTED.

**IT IS SO ORDERED.**

Dated: August 1, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] These sums are calculated as of March 19, 2014, and do not account for interest, penalties, and statutory additions. See Mot. at 5.

3