**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT

9
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    No. C14-01265 CRB

12              Plaintiff,                        **ORDER DENYING DEFENDANTS'**
                                                 **MOTION TO VOID SUMMARY**
13        v.                                     **JUDGMENT**

14  KEITH KENNETH KRIEG and LINDA
    NUNES KRIEG,
15
                Defendants.
16  _____/

17        On March 19, 2014, the government brought this action against Keith and Linda Krieg

18  ("Defendants") for neglecting, failing, or refusing to pay federal income taxes, penalties, and

19  interest pursuant to Sections 7401 and 7402 of the Internal Revenue Code of 1986.

20  Complaint (dkt. 1) ¶¶ 1-2, 7-9.  In answer, Defendants maintained that they had "not seen or

21  found any evidence of any Act of Congress to allow the IRS jurisdiction or authority over us,

22  whom have live[ed] in the California Republic for the years in question[,]" and that they "did

23  not have any profits or gains from any sources within or without of the Corporate United

24  States . . . ."  Answer (dkt. 9) at 2; Case Mgmt. Statement (dkt. 13-1) at 1.  On July 3, 2014,

25  the government filed a Motion for Summary Judgment.  See MSJ (dkt. 17).  When

26  Defendants failed to timely oppose the government's motion, the Court ordered Defendants

27  to show cause why the government's motion should not be granted.  See OSC (dkt. 20).  The

28  Court advised Defendants that "[f]ailure to timely respond to this Order could result in

**United States District Court**
For the Northern District of California

1  summary judgment being entered for the government." <u>Id.</u>  Defendants failed to timely

2  respond to the Court's Order and the Court, finding the matter suitable for resolution without

3  oral argument pursuant to Civil Local Rule 7-1(b), granted the government's motion.  <u>See</u>

4  Order MSJ (dkt. 22).

5        On August 12, 2014, Defendants filed the present motion, requesting that the Court

6  void its Order granting the government's motion for summary judgment.  <u>See</u> Mot. Void

7  (dkt. 26).  Defendants maintain that they "were not home for the time of response" and argue

8  that the government's action to collect federal income tax is time-barred.  <u>Id.</u> at 2-3.  The

9  Court ordered the government to respond, Response Order (dkt. 27), and the government did

10  so, Response (dkt. 29).  For the reasons stated below, the Court DENIES Defendants'

11  motion.

12        In granting the government's motion, the Court noted that it did not grant the motion

13  because of Defendants' failure to oppose it, but "because (1) Defendants failed to respond to

14  the Court's show cause order, <u>and</u> (2) the Court has not identified either a genuine issue of

15  material fact or any other reason the government is not entitled to judgment as a matter of

16  law."  <u>See</u> Fed. R. Civ. P. 56(a); <u>see also</u> <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d 1026,

17  1031 (9th Cir. 2001) ("[t]he district court need not examine the entire file for evidence

18  establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers

19  with adequate references so that it could conveniently be found.").  Defendants now argue

20  that (1) the government's documents contain inconsistent assessment dates for the tax years

21  at issue and (2) some of the assessment dates are more than ten years old and thus the

22  government's action to collect federal income tax is time-barred.  Mot. Void at 2-3; <u>see</u> 26

23  U.S.C.A. § 6502.  Defendants argue that, at minimum, this is "enough to offset the <u>prima</u>

24  <u>facie</u> evidence presented in the 4340s."  <u>Id.</u> at 3.

25        "The government can usually carry its initial burden . . . merely by introducing its

26  assessment of tax due.  Normally, a presumption of correctness attaches to the assessment,

27  and its introduction establishes a <u>prima facie</u> case.  The presumption does not arise unless it

28  is supported by a minimal evidentiary foundation."  <u>United States v. Stonehill</u>, 702 F.2d

**United States District Court**
For the Northern District of California

1288, 1293 (9th Cir. 1983) (internal citations omitted).  If the government establishes a <u>prima facie</u> case, Defendants must show, by a preponderance of the evidence, that judgment should not be entered against them.  <u>See</u> <u>Hardy v. Comm'r</u>, 181 F.3d 1002, 1004-05 (9th Cir. 1999) (explaining burden shift); <u>United States v. Molitor</u>, 337 F.2d 917, 922 (9th Cir. 1964) ("if [taxpayer] had adduced no evidence contesting the <u>prima facie</u> proof . . . the United States would have been entitled to judgment").

In this case, the government has submitted Certificates of Assessments and Payments (Form 4340s) for Mr. Krieg for the 1998 and 2001 tax years, and for Ms. Krieg for the 1997 and 1998 tax years.  <u>See</u> Moore Decl. (dkt. 18) Exs. 1-4.  The Form 4340s list the assessment dates for Mr. Krieg as March 22, 2004 and August 14, 2006 and, for Ms. Krieg, as April 26, 2004 and May 3, 2004.  <u>Id.</u>  These Form 4340s "are admissible evidence that valid assessments have been made."  <u>See</u> <u>Hughes v. United States</u>, 953 F.2d 531, 540 (9th Cir. 1992).  The government has made a <u>prima facie</u> case because the complaint against Defendants was filed on March 19, 2014, within ten years of the earliest assessment date as listed on the Form 4340s.  <u>See</u> Compl.; <u>See also</u> Moore Decl. Exs. 1-4; <u>Oliver v. United States</u>, 921 F.2d 916, 919 (9th Cir. 1990).

Defendants argue that, due to conflicting dates on other IRS forms, the dates listed on the Form 4340s are incorrect, and that is sufficient to overcome the government's <u>prima facie</u> case.  Mot. Void at 3.  Defendants point to several documents that list the assessment dates for Mr. Krieg as January 6, 2003 and March 24, 2003 and, for both of Ms. Krieg's applicable tax years, as January 6, 2003, which would time-bar the government's action.  <u>Id.</u> at 2-3; <u>see</u> 26 U.S.C.A. § 6502.  Specifically, Defendants point to a "Revocation of Certificate of Release from Tax Lien," a "Facsimile Federal Tax Lien Document," and a "'nominee' Notice of Federal Tax Lien," that list the 2003 assessment dates.  <u>Id.</u>

In response, the government argues that the "error in the dates listed . . . is due to the Substitutes for Return ("SFRs") that the IRS prepared in 2002 and 2003."  Response at 2; Norris Decl. (dkt. 30) ¶¶ 24-29.  "The Form 4340 Certifications for 1997 and 1998 reflect that the IRS filed SFRs on 11/20/2002 and recorded $0 on 01/06/2003."  Response at 2;

**United States District Court**
For the Northern District of California

Norris Decl. ¶ 8.  "Mr. Krieg did not file a tax return for 2001, which prompted another SFR to be filed on 02/06/2003 and $0 recorded on 03/24/2003."  Response at 2; Norris Decl. ¶¶ 25-26.  The government notes that four of the eight documents listed by Defendants match the Form 4340s and thus concludes that "it is evident from a review of the documents that the IRS employee who prepared [the documents] mistakenly looked at 01/06/2003 and 03/24/2003 . . . and erroneously included these dates as assessment dates on the document[s]."  Response at 2; Norris Decl. ¶¶ 5-6, 24-29.

Form 4340s are "official document[s] which establish[] that assessments were made. . . ."  Hughes, 953 F.2d at 535.  The Form 4340s in this case demonstrate that the government's action to collect Defendants' income tax is not time-barred.  Although Defendants identify some inconsistencies in the government's documentation subsequent to the assessments, they have failed to show by a preponderance of the evidence that the Form 4340s are inaccurate.

Accordingly, Defendants' motion to void this Court's prior judgment is DENIED.

**IT IS SO ORDERED.**

Dated: November 4, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE